UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:07CR327 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| ALAN GRIFFIN, | ) ) | |
| Defendant. | ) ) | MEMORANDUM OPINION AND ORDER |

This matter comes before the Court upon Defendant, Alan Griffin's "Motion for Sentence Reduction under 18 U.S.C. § 3852(c)(2)." (ECF #38). On December 7, 2007, Defendant entered a guilty plea to the indictment filed in this case, which charged him with possession and intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Under U.S.S.G. § 2D1.1, this Court initially determined that Defendant was subject to a base offense level of 34. Defendant later received a three-level reduction for timely acceptance of responsibility, resulting in a total offense level of 31. Defendant's background also placed him within Criminal History Category III. On January 7, 2008 this Court sentenced Defendant to a term of 140 months imprisonment for his underlying charges.

On April 13, 2012, Defendant filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) pursuant to Guidelines Amendment 750. (ECF #26). This Court denied Defendant's motion "based on his violent background and history of perpetual criminal activity upon release from prior incarceration."(ECF #28).That decision was affirmed on appeal to the Sixth Circuit. (ECF #36). Defendant now seeks a reduction in sentence under Amendments 782 and 788, which collectively revised the Drug Quantity Tables under Section 2D1.1 and retroactively lowered the

penalties for most drug offenses by two levels.

Section 3582(c)(2) provides the court with authority to reduce the term of imprisonment of a criminal defendant sentenced previously under the unamended guidelines. Section 1B1.10 *requires* a court to consider the factors set forth in section 3553(a) and the "nature and seriousness of the danger to any person or the community that may be posed by a reduction," in determining whether a reduction is warranted. The court is also given the discretion to decide whether to consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment. U.S.S.G. § 1B1.10 App. Note 1(B)(ii), (iii).

This Court has previously expressed reservations regarding Defendant's violent past. As noted in this Court's prior opinion denying a sentence reduction,

> Mr Griffin has continuously exhibited a propensity for dangerous and illegal behavior. He has been incarcerated most of his adult life, including most of the last seventeen years. He has been convicted of involuntary manslaughter on two separate occasions, once while fleeing in a stolen car, and once when he was shooting at someone over a drug money dispute. In both instances, he killed innocent bystanders, and in the second instance he also shot and wounded his intended target. Based on his violent background and history of perpetual criminal activity upon release from prior incarceration, the Court finds that the public safety would not be served by reducing Mr. Griffin's sentence in this case.

(ECF #28). When that denial was appealed, the Sixth Circuit affirmed this Court's decision to place "more emphasis on the seriousness of the offense and need to protect the public" than on Defendant's rehabilitation while incarcerated. (ECF #36). The Sixth Circuit also articulated additional specifics supporting this Court's denial of a sentence reduction on public safety grounds as follows:

> Griffin's prior record earned him five criminal history points, placing him in criminal history category III. In 1993, at age 15, Griffin struck and killed a pedestrian while eluding police in a stolen car. He abandoned the car and fled the scene, but he was later identified through fingerprint analysis. Upon conviction for involuntary manslaughter, the court sentenced Griffin to prison in 1996 for five to

> fifteen years.
>
> Before Griffin was apprehended on the 1993 offense, he used a firearm to kill one person and wound another at age 17 in 1995. Griffin argued with one of the victims over a drug debt. When the victim did not produce money, Griffin obtained a gun from his friend and shot the victim, who fled the scene with Griffin in chase. When the victim reached home, the main entrance was locked. Griffin shot the victim again. The victim's landlord opened the door to let the victim in. As the door closed, Griffin fired again, killing the landlord. Convicted of involuntary manslaughter with a firearm and felonious assault, Griffin was sentenced to prison for nine to twenty-five years. That sentence was imposed to run concurrently with the sentence for the 1993 involuntary manslaughter conviction.
>
> In mid-December 2004, Griffin was paroled from state prison, but by May 2005 he was convicted of attempted drug possession and sentenced to six months in custody followed by six months on probation. Following release from custody, Griffin committed the instant drug offense.

(ECF #36).

To date, nothing has changed with regard to the public safety issue and Defendant's post-sentencing conduct does not offset the clear risk that the public would be endangered by Defendant's earlier release. Further, the Sixth Circuit has consistently upheld district court's discretionary decisions to deny sentence reductions based on public safety concerns. *See, e.g., United States v. Nesbit*, 420 Fed. Appx. 541, 2011 WL 1534526 (6th Cir. 2011) (unpublished); *United States v. Archer*, 362 Fed. Appx. 491, 2010 WL 273861 (6th Cir. 2010); *United States v. Monday*, 390 Fed. Appx. 550, 2010 WL 3157149 (6th Cir. 2010) (unpublished); *United States v. Stevenson*, 2009 WL 1587706 (6th Cir. June 8, 2009). For the foregoing reasons, Defendant's Motion, (ECF #38), is hereby, DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 9, 2015